RECEIVED
DEC 21 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Jeffrey D. Reuter,<br>　　　Plaintiff<br><br>　　　v.<br><br>John N. Borbonus,<br>St. Louis County, MO,<br>State of Missouri,<br>　　　Defendants. | )<br>)<br>)<br>) Case No._____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

*Introduction*

1. I, Jeffrey D. Reuter, Plaintiff, bring this civil action against the above listed defendants for their participation in a civil rights violation against me. I have exhausted all avenues of recourse outside of the courts, including petitions to Steven Stenger (St. Louis County Executive) and the Commission on Retirement, Removal and Discipline. I now call on the Federal Court to restore justice. I request a jury trial.

*Jurisdiction and Venue*

2. This action arises under the Constitution of the United States of America and the provisions of 42 U.S.C. § 1983 for violations of certain protections guaranteed to the plaintiff by the fourth and fourteenth amendments of the U.S. Constitution by the defendants.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4. The venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The events giving rise to this claim occurred in St. Louis County, Missouri.

*Parties*

5. Plaintiff, Jeffrey D. Reuter, is a U.S. citizen who resides at 96 Stevens Farm Lane Eureka, MO 63025.
6. Defendant, John N. Borbonus is employed at the Justice Center at 100 S. Central Ave. Clayton, MO 63105. Defendant, St. Louis County, MO is headquartered at the County Government Office Building at 41 S. Cental Ave. Clayton, MO 63105. Defendant, State of Missouri is headquartered at the Supreme Court Building 207 W. High St. P.O. Box 899 Jefferson City, MO 65102.

7. Defendant, John Borbonus is an associate circuit judge for the State of Missouri. John Borbonus was appointed to his current position by Jay Nixon, the current governor of Missouri. John Borbonus' place of employment is the St. Louis County Circuit Courts which are located in St. Louis County, MO. The damaging events that bring this cause of action took place in St. Louis County, MO. Participants of the damaging events were / are employees of St. Louis County, MO.

## Statement of Claim

8. John Borbonus presided over dissolution proceedings (Case No. 13SL-DR01400) of which I was a party in Division 35 of the St. Louis County Circuit Courts from June 2013 through May 2014.

9. There were four motions made by the Petitioner of the divorce, Monica Reuter, which were brought to hearings. In his rulings, John Borbonus showed a disregard for Missouri statutes and demonstrated behavior unbecoming of an associate circuit court judge. The evidence that I will present from these hearings will show John Borbonus' malice and intent as he signed the unlawful arrest warrant.

10. One such hearing, labeled a PDL hearing, took place June 26, 2013. At that hearing, John Borbonus ordered me to pay $5965 to Monica Reuter monthly, throughout the duration of the divorce proceedings. This amount comprised a temporary maintenance payment of $5000 and a child support payment of $965.

11. This burden of $5965 was an unreasonable hardship on me and my business. My bank accounts were quickly depleted of money. So payments to Monica Reuter ceased.

12. A contempt motion was filed by Monica Reuter and a hearing ensued. The hearing took place December 9, 2013. Despite evidence to the contrary, John Borbonus ordered that I was in contempt of court for failure to pay the $5965 per month to Monica Reuter for the months of October and November 2013. John Borbonus further ordered that $9731.38 was to be paid into the St. Louis County Court Registry by 5:00 p.m. December 20, 2013 or else warrant and commitment would issue.

13. To satisfy the order, thereby expunging the contempt and avoiding jail time, I was forced to violate local St. Louis County Rule 68.3(2)(F). This rule prohibits removal of funds from investment and IRA accounts during divorce proceedings. Investment accounts and IRAs were liquidated by me between the dates of December 9, 2013 and December 20, 2013. Once the stocks cleared and monies from the brokerage houses were received by me, I deposited a check payment in the amount of $9731.38 into the St. Louis County Court Registry. This payment

was made December 20, 2013, prior to the expiration of the 5:00 deadline stated in the order of contempt.

14. Despite expunging my alleged contempt, two St. Louis County police officers showed up to my house three days later on December 23, 2013 to execute an arrest warrant signed by John Borbonus. I objected by informing the officers that the contempt to which the warrant cited had been expunged. However, I was handcuffed and taken to jail. Despite my repeated assertions to St. Louis County jail house employees that the arrest warrant was unlawful, it was there that I remained until the afternoon of Christmas Eve 2013.

15. On the morning of Christmas Eve, 2013, I was fitted with ankle shackles and handcuffs and taken to a separate area of the jail. I was told that I would be going in front of a judge. So I remained hopeful that I would get an explanation for the events that had transpired since the previous evening. There I remained with other prisoners who were wearing blue and orange jumpsuits. Throughout the span of an hour, every prisoner had been moved from that location. Only I remained. Later, I was taken back to the main holding area of the jail. I never had the opportunity to stand in front of a judge that day.

16. After much reflection over the negative impact that bringing John Borbonus' unlawful acts to light could have on my life, I decided that it was, indeed, worth the effort. So on December 30, 2014, I sent a letter to government entities which requested a meeting to "make things right." Steven Stenger (the sitting St. Louis County Executive) and the Commission on Retirement, Removal and Discipline were recipients of this letter. No meeting was granted by anyone.

17. I was advised through standard mail correspondence dated January 6, 2015 that my complaint against John Borbonus to the Commission on Retirement, Removal and Discipline was being circulated amongst its members. This letter was signed by the Commission's administrative counsel, James M. Smith.

18. Following many calls to the Commission's administrator's office between the dates of January 6, 2015 and May 13, 2015 requesting an opportunity to provide testimony to the Commission regarding the unlawfulness of John Borbonus, no opportunity was granted.

19. I was notified by James Smith, through a letter dated May 13, 2015, that the Commission had completed its review into my complaint and a vote had been taken. The Commission concluded that "there was no legal basis to proceed" and "the file has been closed." I was not provided with a detailed explanation of the Commission's findings.

20. Follow up correspondence to the Commission from me which requested details of the review, specifically, the due diligence of the Commission, was replied to with a denial.

21. To this day, Steven Stenger, the elected St. Louis County Executive, has not made a single attempt to aid in my complaint.

22. In March of 2015, having been offered no assistance from Steven Stenger, I drafted a billing statement seeking compensation for damages incurred by me as a result of the aforementioned unlawfulness that took place within St. Louis County. I mailed the statement directly to him. The amount of St. Louis County's debt to me was $15,000,000 at that time. Because no payments from St. Louis County have been received by me, interest has accrued. St. Louis County's outstanding balance now stands at $18,288,302.86. Steven Stenger is mailed billing statements monthly.

23. The damages that were incurred as a result of this unlawful arrest warrant and the damages that were incurred from the blatant disregard that government entities showed toward my grievance are psychological and can be summed up as follows. Prior to the unlawful arrest warrant, I was not a gun owner ... never was. Now I am an owner of three. There is never a time that I travel in my truck without a gun in my possession. I am never far from a gun while inside my house. Though the element of danger from the public exists, that is not what I fear. The danger that exists is the St. Louis County government. Specifically, the threats to me are judges who can sign arrest warrants indiscriminately and a government which has proven to be unwilling to protect my civil rights. Post Traumatic Stress Disorder and Pain and Suffering are the damages that I claim. These events have changed me. Those responsible must be made to answer.

24. After discussing my case with three separate attorneys on three separate occasions, it became clear that if this battle against a corrupt government were to be waged, I could not count on legal aid. As one attorney worded it, "It would be professional suicide to take a case against a judge." Because there is much of the legal process to learn and the process of getting justice via the courts is highly complicated, I quit the practice of dentistry in November, 2016. It was always my hope to fix the wrongs committed against me without taking the matter to court. But none of the defendants stepped up to make that happen.

## *Relief Sought*

25. I ask the Court to find that John Borbonus violated my civil rights that are afforded to me by the United States Constitution.

26. I ask the Court to find that John Borbonus abused his power as an associate circuit judge.

27. I ask the Court to find that the State of Missouri, specifically the Commission on Retirement, Removal and Discipline, failed to properly investigate my civil rights complaint against John Borbonus.

28. I ask the Court to order the State of Missouri, specifically, the Commission on Retirement, Removal and Discipline, to reopen its investigation into my civil rights complaint against John Borbonus.

29. I ask the Court to order St. Louis County, specifically, Steven Stenger, to clear, and otherwise expunge any evidence or mention of the arrest of December 23, 2013 from my record.

30. I ask the Court to order St. Louis County, specifically, Steven Stenger, to clear the $70 debt that I owe to St. Louis County Justice Services. These are phone charges that I incurred on Christmas Eve 2013 in my attempt to get out of jail in time for Christmas.

31. I ask the Court to find that St. Louis County, specifically, Steven Stenger, failed to uphold the duties of his office by ignoring my requests for assistance in redressing the trampling of my civil rights.

32. I ask the Court to order St. Louis County to pay the debt that St. Louis County owes to Jeffrey D. Reuter in the amount of $18,288,302.86 plus all interest that accrues after November 30, 2016.

33. I ask the Court to order St. Louis County to halt the harassing St. Louis County tax bills that keep arriving at my house until St. Louis County makes good on its debt to me. No taxation without representation.

34. I ask the Court to order the defendants to pay to Jeffrey D. Reuter $15,000,000 only if the Court denies my request of paragraph 32.

35. I ask the Court to order the defendants to pay to Jeffrey D. Reuter for lost wages totaling $2,400,000. This is a conservative total of lost wages from December 1, 2016 to October 5, 2033. This span of time was my intended duration of work at Jeffrey D. Reuter, DDS, LLC beginning with the forced forfeiture of my practice date and ending with my intended retirement date (age 65).

Respectfully submitted,

Jeffrey D. Reuter