UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY D. REUTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cv-2126 SNLJ ) |
| JOHN BORBONUS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case comes before the Court on defendants' motions to dismiss (#13, #15, #18). Plaintiff, proceeding *pro se*, did not respond to the instant motions and the time to do so has passed. For the following reasons, defendants' motions are granted.

### I. Factual Background

In his complaint, plaintiff Jeffrey D. Reuter alleges that defendant associate circuit court Judge John Borbonus issued an unlawful arrest warrant, leading to the arrest of plaintiff by officers of defendant St. Louis County and that the violations of plaintiff's rights were not properly investigated by defendant state of Missouri. The allegations arise over plaintiff's dissolution proceedings in the Circuit Court of St. Louis County presided over by Judge Borbonus. On June 26, 2013, Judge Borbonus ordered plaintiff to pay $5,965 monthly in temporary maintenance and child support to his wife Monica Reuter, for the duration of the dissolution proceedings. Plaintiff's bank accounts were quickly depleted, and plaintiff eventually ceased payments. On December 9, 2013, Judge Borbonus held plaintiff in contempt of court for failure to pay. Judge Borbonus then

ordered plaintiff to submit $9,731.38 into the St. Louis County Court Registry by 5:00 p.m. on December 20, 2013, or else a warrant would ensue and plaintiff would be detained.

Plaintiff explains that he submitted a check for the full amount to the Court Registry prior to the deadline on December 20, 2013. However, three days later, St. Louis County police officers arrived at plaintiff's residence to execute an arrest warrant signed by Judge Borbonus. Pursuant to the warrant, plaintiff was arrested and detained in St. Louis County jail for approximately a day and half. While there, he was told he would be able to appear before a judge but he never was given the opportunity to do so.

After his release, plaintiff describes that he attempted to "make things right" by writing a complaint letter to the Commission on Retirement, Removal and Discipline ("Commission") regarding his unlawful arrest and detention. The Commission declined to give plaintiff the opportunity to present testimony on the matter and eventually denied plaintiff's complaint altogether. As a result of the Commission's inaction, plaintiff filed a separate claim against defendant Missouri.

Plaintiff's action purportedly arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983 "for violations of certain protections guaranteed to the plaintiff by the fourth and fourteenth amendments of the U.S. Constitution by the defendants." Plaintiff's alleged injuries include post-traumatic stress disorder in addition to pain and suffering, and he claims that defendants owe him $15,000,000, with interest accruing monthly, resulting from "the blatant disregard that government entities showed" towards him. Plaintiff quit the practice of dentistry to better represent himself in this

action because no lawyer would take a case against a judge. Consequently, plaintiff claims that defendants owe him an additional $2,400,000, which is "a conservative total of lost wages from December 1, 2016 to October 5, 2033," the latter being plaintiff's previous intended retirement date.

All three defendants have moved to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition to being facially plausible, the pleading must comply with Federal Rule of Civil Procedure 8(a)(2) and contain, *inter alia*, "a short and plain statement of the

claim showing that the pleader is entitled to relief." This requirement is designed "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. <u>Claims against Borbonus</u>

The Court construes plaintiff's claims against Judge Borbonus as alleging a violation of plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments because Judge Borbonus wrongfully issued a warrant that lead to plaintiff's arrest and detention. Additionally, it appears that plaintiff challenges Judge Borbonus' decision-making within his capacity as a circuit court judge and asks this Court to find Judge Borbonus abused his power within the same.

All of plaintiff's claims against Judge Borbonus are raised against him in his judicial capacity. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Id.* at 12. All of Judge Borbonus' allegedly unlawful actions were judicial in nature – including the issuance of a warrant, presiding over dissolution proceedings, and issuing orders relating to the same. Further, Judge Borbonus, acting as an associate circuit judge in the 21st

4

Circuit Court in St. Louis County, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 17.

Judicial immunity applies "even when the judge is accused of acting maliciously." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Borbonus acted within his judicial capacity and within his court's proper jurisdiction, Judge Borbonus is granted absolute immunity from civil suit as to plaintiff's claims against him. As such, plaintiff's claims against Judge Borbonus fail to state a claim upon which relief can be granted.

### IV.     Claims Against Missouri and St. Louis County

Plaintiff asks this Court to find that the Commission failed to properly investigate his civil rights complaint against Judge Borbonus and to order Missouri, through the Commission, to reopen its investigation in the matter. However, plaintiff's allegations against Missouri fail to comply with Federal Rule of Civil Procedure 8(a)(2) because the complaint lacks "a short and plan statement of the claim showing that [plaintiff] is entitled to relief." Plaintiff fails to identify the legal basis upon which his claims rest. The legal conclusion that the government "has proven unwilling to protect my civil rights" does not properly allege a complaint that complies with Rule 8(a)(2). Because plaintiff's allegations against Missouri fail to comply with Rule 8(a)(2), plaintiff has failed to state a claim upon which relief can be granted.

Similarly, plaintiff's claims against St. Louis County fail. Plaintiff does not bring suit against the individual officers but rather asks this Court to order St. Louis County to expunge the arrest from plaintiff's record, to clear plaintiff's jail phone charges incurred during his detention, and to find that St. Louis County failed to uphold its duties to assist

5

plaintiff in "redressing the trampling of [plaintiff's] civil rights." The complaint does not indicate what specific rights were violated as to give St. Louis County notice of the claim against it. Plaintiff's claims against St. Louis fail County to comply with Rule 8(a)(2) and fail to state a claim upon which relief can be granted.

V.  **Conclusion**

Judge Borbonus is absolutely immune from civil actions under these facts because he acted within his judicial capacity. Further, plaintiff's claims against defendants Missouri and St. Louis County fail to comply with Federal Rule of Civil Procedure 8(a)(2) because the pleading does not provide a "short and plan statement of the claim showing that [plaintiff] is entitled to relief." As such, defendants' motions to dismiss for failure to state a claim are granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss (#13, #15, #18) are **GRANTED**.

So ordered this 3rd day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE