UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY D. REUTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-2126 SNLJ |
| | ) |
| JOHN BORBONUS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiff's motion to file an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B) (#22). Plaintiff, proceeding *pro se*, had until February 24, 2017 to respond to the defendants' motions to dismiss. This Court provided plaintiff with leeway and waited an additional week for his response to the motions before granting defendants' motions on March 3, 2017. However, plaintiff filed this motion on March 6, 2017, the same day that this Court entered judgment in accordance with its Memorandum and Order. Because of this motion's timing and the circumstances of this case, the Court will address the merits of plaintiff's motion.

It appears that plaintiff's amended complaint adds some specificity to his initial complaint, alleging that defendant Judge John Borbonus violated plaintiff's Fourth Amendment rights because the warrant Judge Borbonus issued lacked probable cause to effect plaintiff's arrest. Additionally, plaintiff alleges that defendant St. Louis County violated his Fourteenth Amendment rights because he was unlawfully detained against his will by St. Louis County police officers when the officers lacked probable cause to

effect his arrest. These more specific allegations appear to be the only changes between plaintiff's initial complaint and his amended complaint. The Court reaffirms its holding from the previous Memorandum and Order regarding defendant Missouri because there are no new allegations against it (#20).

As more fully explained in this Court's previous Memorandum and Order (#20), plaintiff's claims against Judge Borbonus fail because he is absolutely immune from suit under the facts of this case. The amended complaint does not allege that Judge Borbonus (1) did not act within his judicial capacity or (2) that he acted within his judicial capacity in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Instead, the amended complaint just clarifies plaintiff's initial claims against Judge Borbonus, which failed to present a claim upon which relief can be granted.

As to defendant St. Louis County, the amended complaint does comply with Federal Rule of Civil Procedure 8(a)(2) but still fails to state a claim upon which relief can be granted. It is well established that a municipality cannot be held liable under a 42 U.S.C. § 1983 claim under a *respondeat superior* theory. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). "A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Luckert v. Dodge County*, 684 F.3d 808, 820 (8th Cir. 2012) (internal citations omitted). Plaintiff's amended complaint is devoid of allegations regarding any official St. Louis County custom, policy, or practice. Because of this, defendant St. Louis County cannot be held liable under 42 U.S.C. § 1983 and plaintiff's claims against it do not state a claim upon which relief can be granted.

All of plaintiff's claims within his amended complaint fail to state a claim upon which relief can be granted and thus would be subject to 12(b)(6) dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file an amended complaint (#22) is **DENIED**.

So ordered this 9th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE