UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY D. REUTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-2126 SNLJ |
| ) | |
| JOHN BORBONUS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case comes before the Court on plaintiff's motions to amend judgment which denied plaintiff's amended complaint (#24) and to amend judgment which granted defendants' motion to dismiss (#26). The defendants did not respond and the time to do so has passed. Nonetheless, the issues are briefed and ripe for disposition.

**I.  Factual Background**

Plaintiff, proceeding *pro se*, filed this complaint against the defendants on December 21, 2016, and alleged that defendant Judge John Borbonus issued an unlawful arrest warrant that led plaintiff's arrest by officers of defendant St. Louis County and that the violations of plaintiff's rights were not properly investigated by defendant state of Missouri. On February 17, 2017, all three defendants separately moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff did not respond to any of the motions. On March 3, 2017, this Court granted the defendants' motions to dismiss (#20).

However, the judgment entered in accordance with the Court's memorandum and order was not filed until three days later on March 6, 2017 (#21). On the same day, plaintiff moved to file an amended complaint (#22). Because of the peculiar situation, this Court addressed the merits of the plaintiff's proposed amended complaint. The Court found plaintiff's amended complaint contained the same flaws as his initial complaint and thus failed to state a claim upon which relief could be granted. The Court denied plaintiff's motion to amend his complaint.

Now, plaintiff moves this Court to reconsider or amend its order denying the filing of plaintiff's amended complaint. Plaintiff contends that he had a right to amend his complaint as a matter of course and did so within the 21-day window under Federal Rule of Civil Procedure 15(a)(1)(B) and that this Court erred in denying the plaintiff's amendment. Additionally, plaintiff moves this Court to reconsider or amend the Court's order granting defendants' motions to dismiss. Plaintiff claims that this Court erred in its interpretation of the law and that his claim was only dismissed based upon improper technical form.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(1)(B) allows a party, as a matter of course, to amend its pleading, if the pleading is one to which a responsive pleading is required, within 21 days after service of a motion under Rule 12(b). If Rule 15(a)(1) does not apply, then a party may only amend its pleading when the opposing party consents or the court grants leave to do so. Fed. R. Civ. Pro. 15(a)(2). However, in the Eighth Circuit, even if a party has a right to amend its pleading as a matter of course within the 21-day

window, "after a court dismisses a complaint, a party's *right* to amend under Rule 15 terminates." *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 677 (8th Cir. 2013) (emphasis added). Instead, the party may file a motion for leave to amend its complaint, similarly to Rule 15(a)(2). *Id.*

Normally, amendments to a party's pleadings should be liberally granted, but "different considerations apply to motions filed after dismissal." *Id.* quoting *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam). In fact, granting a motion for leave to amend following dismissal is inappropriate if the district court indicated "that dismissal of the complaint also constitute[d] dismissal of the action." *Id.* quoting *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984). Even if the dismissal of the complaint did not constitute a dismissal of the entire action, a district court may deny leave to amend a complaint if the amendment would be futile. *Id.* at 688.

**III. Reconsideration or Amendment of Previous Orders**

The defendants filed their motions to dismiss on February 17, 2017. The filing of these motions triggered the start of the 21-day window whereby plaintiff could have amended his pleadings as a matter of course, providing plaintiff until March 10, 2017 to do so. However, this Court, after receiving nothing from plaintiff regarding the motions, granted the defendants' motions on March 3rd and dismissed the plaintiff's action. Plaintiff's right to amend as a matter of course terminated upon entry of this Court's order and judgment. Both the order and judgment (#20, #21) were filed before plaintiff filed his motion to file an amended complaint (#22).

3

Further, plaintiff's proposed amendments to his complaint were futile. The court addressed the merits of plaintiff's proposed amended complaint in its order denying plaintiff's motion to file his amended complaint (#23). The plaintiff added some specificity to his proposed amended complaint, however, the amended complaint still failed on its merits. As more fully discussed in that order, defendant Judge Borbonus is absolutely immune from suit under the facts of this case. Further, defendant St. Louis county cannot be held liable under a 42 U.S.C. § 1983 claim under a *respondeat superior* theory under the facts of this case. If granted leave to amend, the amended complaint would still be subject to 12(b)(6) dismissal, just as the initial complaint was. District courts need not "indulge in futile gestures." *Holloway v. Dobbs*, 715 F.2d 390, 392-93 (8th Cir. 1983) (per curiam).

The dismissal of plaintiff's complaint and subsequent denial of leave to file an amended complaint were not based upon improper technical form, as alleged by the plaintiff. Instead, the Court granted dismissal and denied leave to amend because plaintiff's complaint and proposed amended complaint both failed to state a claim upon which relief can be granted. This Court has already addressed the merits of plaintiff's claims in previous orders (#20, #23) and will not rehash them further here. Even though plaintiff proceeds *pro se*, the Court will not "supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). A *pro se* litigant must still allege a claim in a manner which, with the assumption that the pleaded

facts are true, "states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981). Here, the plaintiff failed to allege such a claim in either complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend judgment which denied plaintiff's amended complaint (#24) and plaintiff's motion to amend judgment which granted defendants' motions to dismiss (#26) are **DENIED**.

So ordered this 14th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE